```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
MICHAEL L. MARTIN,              )
                                )   No. CV-09-3007-CI
          Plaintiff,            )
                                )   ORDER DENYING PLAINTIFF'S
v.                              )   MOTION FOR SUMMARY JUDGMENT
                                )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner )   MOTION FOR SUMMARY JUDGMENT
of Social Security,             )
                                )
          Defendant.            )
                                )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 16.) Attorney D. James Tree represents Michael Martin (Plaintiff); Special Assistant United States Attorney Stephanie R. Martz represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability benefits (DIB) and Supplemental Security Income (SSI) in July 2005. (Tr. 15, 71-73.) He alleged disability due to osteoarthritis of left knee and related pain and depression, with an onset date of July 1, 2004. (Tr. 53, 75.) His claim was denied initially and on reconsideration. (Tr. 43-44, 312-13.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on May 14, 2008, before ALJ Riley Atkins. (Tr. 323-43.) Plaintiff, who was

1  represented by counsel, and vocational expert Katherine Heatherly
2  (VE) testified.  (Tr. 324.)  The ALJ denied benefits on July 17,
3  2008, and the Appeals Council denied review. (Tr. 12-25, 5-8.) The
4  instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 49 years old with 9th grade education and high-school equivalency degree.  (Tr. 327.)  He stated he had never been married and did not like being around people, although he stated he did not have problems getting along with people.  (Tr. 333.)  Plaintiff has past work experience as a laborer, grounds keeper, and farm hand.  (Tr. 76.)  Plaintiff reported he lost his last job as a groundskeeper in 2004, when he was arrested for driving while intoxicated.  (Tr. 329, 335.)  After he got out of jail, he attended chemical dependency treatment, but relapsed in January 2005. (Tr. 337-38.)  He testified he could not work now because of his bad left knee; he stated he could hardly walk or lift anything heavy.  (Tr. 329-31.)  He testified he also has problems with depression, but he was not on medication at the time of the hearing because he could not afford it.  (Tr. 330-31.)

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff's date of last insured for DIB purposes was September 30, 2005.  (Tr. 15.)  At step one, ALJ Atkins found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 17.)  At step two, he found Plaintiff had severe impairments of "osteoarthritis, left knee; mood disorder;

alcohol dependence, in remission; and history of methamphetamine dependence/abuse, in remission." (*Id*.)  The ALJ determined at step three the impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 19.)  The ALJ found Plaintiff's statements regarding his symptoms and limitations were not credible. (Tr. 20.)  At step four, he determined Plaintiff could perform light work, with the following restrictions:

> He is able to stand and/or walk at least two hours in an eight-hour workday.  He is able to sit about six hours in an eight-hour workday.  He is unlimited in his abilities to push within light exertion work.  He is unable to climb ladders, ropes, or scaffolds.  He is limited to occasionally climbing ramps and stairs.  He is restricted to occasionally balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to hazards (machinery, heights, etc.)  He is also limited to unskilled work with no contact with the public.

(*Id.*)

Based on VE testimony the ALJ found Plaintiff was unable to perform his past relative work (Tr. 23.)  He proceeded to step five and, considering VE testimony, found there were sedentary and light jobs in the national economy Plaintiff could still perform with his RFC, such as small "good" assembler and small product assembler. (Tr. 24.)  The ALJ concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time through the date of his decision.  (Tr. 27.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) refused to order a consultative psychological examination to develop the record regarding mental impairments; and (2) failed to meet his burden at step five when he did not to include all of Plaintiff's limitations in the hypothetical questions posed to the VE. (Ct. Rec. 15 at 12-19.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

## DISCUSSION

**A.   Duty to Develop Record**

Plaintiff argues that without an additional consultative examination purchased by the Commissioner, the ALJ's step two findings are incomplete. He asserts the record is insufficient regarding his intellectual functioning, and the ALJ was required to order more psychological testing to resolve the ambiguity. Specifically, he argues examining psychologist Lawrence Lyon, Ph.D., assessed "low average to borderline" intelligence, the state agency psychiatrist indicated a "rule out" of low average or borderline IQ, and his friend's third-party statements indicate low intelligence functioning. Plaintiff claims the ALJ "completely disregarded" this evidence. He asserts remand for further testing is necessary to develop the record. (Ct. Rec. 15 at 16-17.)

It is noted on independent review, Plaintiff's representative suggested in post-hearing correspondence with the ALJ that intellectual testing may prove Plaintiff meets or equals the requirements of Listing 12.05 (Mental Retardation) (Tr. 138), and would thus result in a step three finding of disability. (Tr. 138.) However, Plaintiff does not present this argument on appeal. Nonetheless, to meet the Listing for mental retardation, Plaintiff would have to have a full scale IQ of 70 or less with some additional impairment, or a full scale IQ of 59 or less. *Lewis*, 236 F.3d at 514. Plaintiff has offered no theory or evidence that his other impairments in combination have an effect on his intellectual functioning. Rather, he argues the severity of his mental impairment is "doubtful," and more testing is necessary to determine

1  disability.  (Ct. Rec. 15 at 16-17.)

2  An ALJ's duty to develop the record "is triggered only when 3 there is ambiguous evidence or when the record is inadequate to 4 allow for proper evaluation of the evidence." *Mayes v. Massanari*, 5 276 F.3d 453, 459-60 (9th Cir. 2001). To justify further development, 6 there must be sufficient objective evidence in the record to suggest 7 the "existence of a condition which could have a material impact on 8 the disability decision." *Hawkins v. Chater*, 113 F.3d 1162, 1167 9 (10th Cir. 1997).  As explained in the Regulations, consultative 10 exams are purchased to resolve conflicts or ambiguities "if one 11 exists" and to obtain needed medical evidence not in the file that 12 is "necessary for decision."  20 C.F.R. §§ 404.1519a(a)(2), 13 416.919a(1)(2).  The Commissioner has "broad latitude in ordering a 14 consultative examination." *Reed v. Massanari,* 270 F.3d 838, 840 (9th 15 Cir. 2001) (*quoting Diaz v. Secretary of Health and Human Services*, 16 898 F.2d 774, 778 (10th Cir. 1990)). Further, the ALJ is only 17 required to seek additional evidence if the evidence already present 18 consistently favors the claimant.  *Lewis v. Apfel*, 236 F.3d 503, 19 514-15 (9th Cir. 2001).

20  The ALJ thoroughly addressed Plaintiff's request for another 21 consultative examination that would include intelligence testing. 22 (Tr. 18.)  He denied the request because Plaintiff did not allege 23 disability due to low intellectual functioning, there is no evidence 24 of a learning disability requiring special education; he self-25 reported he was "slow" but did not have a formal special education 26 plan at school; he dropped out of school due to disrupted school 27 schedules caused by budget cuts in the school district; he completed

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

his GED while in jail; mental health care has been for depression and chemical dependency only, counselors have not identified learning disabilities; and he has a work history. (Tr. 18.) The ALJ found the evidence presented was adequate to evaluate Plaintiff's mental capacity. These findings are a reasonable interpretation of the record in its entirety.

The record shows that Plaintiff did not allege intellectual deficits in his application, and that he has a work history and vocational skills that contradict any suggestion that he is unable to perform unskilled work. (*See* Tr. 75-77.) Further, by his own report, Plaintiff's problems with continued employment have been caused by alcohol related arrests and incarceration. (*See* Tr. 147-148.) The record also shows Plaintiff saw Dr. Lyon one time in October 2005, at which time Plaintiff reported the "number one thing" preventing him from performing past work is his knee. (Tr. 146.) He also reported he had a drinking problem, but had been sober and did not know what was wrong with him "mentally." (Id.) Plaintiff reported he had no special education classes in school (although his grade school was small and he received considerable attention), he played football, baseball and wrestling in high school, and he obtained his GED while he was in jail. (Tr. 147.) Dr. Lyon observed "mildly limited" language skills, and assessed functioning in the low average to borderline range and low fund of knowledge. (Tr. 148, 149.)

In addition to the Dr. Lyon's evaluation, the record shows Plaintiff had ongoing treatment for depression with Steven Woolpert, M.S., from July 2005 through September 2006. (Tr. 217-70.) Mr. Woolpert did not note learning or cognitive difficulties in his

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

therapy notes, and assessed "average" intelligence, and in tact general knowledge in his July 2005 intake assessment. During the treatment relationship, no significant cognitive difficulties were noted. Further, in April 2006, after almost a year of treatment, Mr. Woolpert assessed average intelligence, fair concentration and attention; memory and cognition within normal limitations. (Tr. 238, 240.) Mr. Woolpert completed a psychological evaluation form based on his treatment notes (Tr. 234-36), and assessed mild to moderate functional limitations, noting that "depressive symptoms and physical condition (knee) limit level of [cognitive] functioning." (Tr. 235.) He also observed anti-depressants were helping stabilize Plaintiff's mood. (*Id.*)

Upon finding the record adequate, the ALJ assessed the medical evidence and specifically rejected Dr. Lyon's diagnosis of borderline intellectual functioning, finding that the diagnosis was not based on psychological testing. (Tr. 22.) Because the regulations require a mental impairment be established by medical evidence consisting of signs, symptoms, and laboratory findings, this is a "clear and convincing" reason to reject Dr. Lyon's impression. 20 C.F.R. §§ 404.1508, 416.908. As noted by Dr. Lyon, the borderline intelligence functioning was a "rule out" impression, and not a medically determinable diagnosis. (Tr. 150.) The ALJ's summary of the medical records and inferences drawn support his rejection of borderline intellectual functioning as a firm diagnosis. *Batson v. Commissioner* of *Social Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Further, other evidence in the record was consistent with the ALJ's determination and did not favor the Plaintiff.

For example, in November 2005, reviewing agency psychologist, Sean Mee, Ph.D., reviewed the medical evidence, including Dr. Lyon's report, and noted the "rule out" diagnoses. (Tr. 282, 290.) He opined that with the borderline intelligence "speculation," and Plaintiff's demonstrated intelligence and impairments, he would have "some limitation in [his] ability to carry out <u>complex work tasks</u>." (Tr. 290.) (Emphasis added.) Dr. Mee opined Plaintiff had the cognitive ability to learn, remember and carry out simple work tasks and maintain attention and concentration. (Tr. 294.) These opinions are consistent with Mr. Woolpert's treatment notes and the ALJ's RFC findings, in which the ALJ accepted the limitations assessed by Mr. Woolpert, and assigned non-exertional restrictions (unskilled work and no public contact) to accommodate those limitations. (Tr. 22-23.)

Although Mr. Woolpert is not an "acceptable medical source" for purposes of assigning a medical diagnosis, his observations and "other source" opinions regarding the effects of Plaintiff's impairments on his ability to work were properly considered by the ALJ. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The regulations set out specific factors that are considered in evaluating "acceptable medical source" information, and the Commissioner's policy ruling provides guidance on evaluating "other source" opinions. *Social Security Ruling* (*SSR*) 06-03p.[1] Here, Mr. Woolpert

---

[1] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, "deference" is given to the Commissioner's interpretation of its

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

had a fourteen-month treating relationship with Plaintiff, during which he saw Plaintiff at least once a month; he was a mental health specialist; he recorded detailed notes of his observations and conversations with Plaintiff during therapy; and he explained his assessment of moderate to mild limitations caused primarily by depression. (Tr. 217-70.) Further, his treatment notes are consistent with other medical evidence in the record. The ALJ properly evaluated Mr. Woolpert's opinions and did not err in giving Mr. Woolpert's assessment of Plaintiff's limitations significant weight. *SSR* 06-03p.

The ALJ's summary of the evidence and findings indicate clearly that he did not consider the evidence ambiguous or insufficient to assess Plaintiff's severe impairments and mental functioning limitations. His denial of Plaintiff's request for additional testing was reasonable and based on substantial evidence.

**B.   Hypothetical Question**

Plaintiff contends the ALJ erred when he did not include all of his limitations in the hypothetical individual propounded to the VE at step five. Specifically, Plaintiff argues the ALJ's failure to include marked limitations assessed by Becky Twohy, M.S.W./C.D.P., in January 2005, rendered the hypothetical incomplete and, therefore, the VE testimony based on that hypothetical was not substantial evidence. Plaintiff asserts that remand is necessary for additional proceedings to remedy this legal error. (Ct. Rec. 15 at 17-19.)

An ALJ may rely on vocational expert testimony if the

---

regulations. *Bunnell v. Sullivan*, 947 F.2d 341, at 342 n.3.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Where limitations are properly rejected by the ALJ, it is not error to exclude these limitations in the hypothetical relied upon by the VE in her testimony. *Id*. In January 2005, as part of Plaintiff's court-ordered chemical dependency treatment,[2] Ms. Twohy assessed marked limitations in Plaintiff's ability to make decisions and ability to respond to and tolerate the pressures and expectations of a normal work setting. (Tr. 161.) The assessment was based on a "comprehensive self-report document" reviewed by Ms. Twohy and a clinical interview. (Tr. 159-62, 172.)

Ms. Twohy, a chemical dependency professional, is not an acceptable medical source. 20 C.F.R. §§ 404.1513(d), 416.913(d). As discussed above, her opinions must be considered; however, they may rejected with specific reasons "germane" to the witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ specifically declined to give weight Ms. Twohy's evaluation because it was not based on standardized psychological testing or a mental status examination, and it was based on Plaintiff's subjective report. (Tr. 21.) These are specific, germane reasons supported by the

---

[2] The records indicates Plaintiff was convicted of a DUI and, while on probation, relapsed in December 2004. As a result, he was ordered by the court to undergo a chemical dependency assessment and services. (Tr. 172.) It appears while in outpatient treatment, he relapsed with alcohol again on January 28, 2005, two days after Ms. Twohy's assessment. (Tr. 167.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

record.

The evidence does not include treatment notes or objective testing results to support the conclusory remarks contained in Ms. Twohy's January 26, 2005, evaluation. (Tr. 151-77.) In addition, the ALJ found Plaintiff's self-report not credible, and this finding has not been challenged. The ALJ's reasoning that Plaintiff's self-reported limitations upon which the report was based were not reliable represents a rational interpretation of the record in its entirety. Further, considering the factors listed in *SSR* 06-03p, Ms. Twohy's opinions do not merit weight in the ALJ's final RFC determination. There is no evidence of a counselor-therapist relationship; there is no narrative explanation for the marked limitations assessed; and the level of severity is not consistent with other evidence, including the treatment notes from Mr. Woolpert. (Tr. 167, 151-77.) The ALJ did not err in his rejection of Ms. Twohy's findings.

The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner. 20 C.F.R. §§ 404.1546, 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner). Plaintiff contends the ALJ ignored limitations included in third-party statements from his friend. However, the ALJ considered these opinions in the decision and specifically found they "did not provide adequate evidence in support of limitations beyond my assessment of his residual functional capacity." (Tr. 23.) The ALJ also noted the statements described activities that were contrary to allegations of total disability, and were not consistent with other evidence in the record. (*Id.*)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

The ALJ properly considered the other source evidence presented and gave legally sufficient reasons to reject the opinions of non-medical, lay witnesses. *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996); *SSR* 06-03p. Because the ALJ was not required to include properly rejected limitations in a relied-upon hypothetical or final RFC, Plaintiff's argument that the Commissioner failed to meet his step five burden fails.

## CONCLUSION

The ALJ was not required to further develop the record. His findings are a rational interpretation of the record and his determination of non-disability is based on substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Defendant**, and the file shall be **CLOSED.**

DATED October 21, 2009.

                        S/ CYNTHIA IMBROGNO
                      UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14